IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| HELENA HUNTERS AND ANGLERS ASSOCIATION, and MONTANA WILDLIFE FEDERATION,<br><br>Plaintiffs, and<br><br>ALLIANCE FOR THE WILD ROCKIES, and NATIVE ECOSYSTEM COUNCIL<br><br>Consolidated Plaintiffs,<br><br>vs.<br><br>LEANNE MARTEN, in her official capacity; UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendants. | CV 19–47–M–DLC<br><br>(Consolidated with Case No. CV 19–106–M–DLC)<br><br>ORDER |

Before the Court is the State of Montana's Unopposed Motion to Intervene (Doc. 22) wherein Montana seeks to intervene as a defendant-intervenor in this case "as of right" pursuant to Federal Rule of Civil Procedure 24(a) or "permissively" pursuant to Rule 24(b). (Doc. 23 at 2.) For the following reasons, Montana's Motion will be granted.

-1-

A litigant seeking to intervene under Fed. R. Civ. P. 24(a)(2) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSI/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

### 1. Timeliness

Montana's motion is timely. The timeliness of a motion to intervene depends on three criteria: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (internal quotation marks and citations omitted). First, these proceedings are at a preliminary stage—the existing defendants in these consolidated cases have yet to file an answer and may do so up until September 9, 2019. (Doc. 29 at 1.) Second, the Court has yet to make any substantive rulings. In fact, the only briefing received so far which addresses any aspect of the merits of this case is the consolidated plaintiffs' Motion for a Preliminary Injunction (Doc. 24). Consequently, the Court does not find that Montana's intervention would prejudice any of the parties. Lastly, Montana filed its motion within ten days of the order setting the litigation schedule in the consolidated case. (Docs. 20; 22.) The Court finds that Montana has not unreasonably delayed intervening in this case.

### 2. Significant Protectable Interest

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and [n]o specific legal or equitable interest need be established." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks and

citations omitted). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* Montana notes that the project at issue in this case, the Tenmile-South Helena logging project, will be carried out "on and near state land" and adds that the Montana Attorney General has a significant protectable interest in this litigation because it concerns "wildfire mitigation, which directly impacts the safety and welfare of the State's citizens," and public interests such as protecting "the drinking water of the city of Helena . . . and promoting overall forest health." (Doc. 23 at 7–8.) The Court finds these interests to be significant protectable interests. *See Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1497 (9th Cir. 1995) (finding that Arizona's interest in the "environmental health of, and wildfire threats to, state lands adjacent to national forests . . . are 'concrete, plausible interests, within NEPA's zone of concern for the environment.'") (quoting *Douglas Cnty v. Babbitt*, 48 F.3d 1495, 1501 (9th Cir. 1995) *abrogated on other grounds by Wilderness Society v. United States Forest Service*, 630 F.3d 1173, 1177–80 (9th Cir. 2011).

### 3. Impairment of Interest

A "prospective intervenor has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending

litigation." *Wilderness Society*, 630 F.3d at 1180 (internal quotation marks and citation omitted). The relief requested by plaintiffs and consolidated plaintiffs, the injunction of the Tenmile-South Helena logging project and a declaration that defendants have violated NEPA, NFMA, or the Roadless Rule (Doc. 1 at 54), could impair Montana's ability to protect the interests noted above.

### 4. Inadequacy of Representation

A prospective intervenor "bears the burden of demonstrating that the existing parties may not adequately represent its interest." *Berg*, 268 F.3d at 822. The burden is minimal and is satisfied if the applicant can demonstrate that representation of its interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). This Court is to consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg* 268 F.3d at 823 (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Additionally, there is "an assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1086.

Montana asserts that the existing defendants, Leanne Marten, the United States Forest Service, and the United States Department of Agriculture have "no duty" to represent the interests of a single group or state. The Ninth Circuit has recognized that the Forest Service "is required to represent a broader view than the more narrow, parochial interests of [a] State . . ." *Forest Conservation Council*, 66 F.3d at 1499. Here, although it appears as though Montana and the federal defendants share the objective of ensuring that the Tenmile-South Helena logging project proceeds according to plan, they do not share the same reasons for ensuring this project commences. "The Attorney General has both the right and the responsibility to promote the interest of all the citizens of the state and represent the state in all litigation of a public character." (Doc. 23 at 8.) Here, the public interests which Montana claims will not be advanced by federal defendants include "the protection of the drinking water of the city of Helena, reducing the risk of wildfire in the wildland-urban interface near residences, and promoting overall forest health." (*Id.*) The Court agrees that, in light of the federal defendants' differing perspectives and goals, representation of Montana's interests "may be" inadequate.

In granting the motion for intervention as a matter of right, the Court advises Montana that, while it may participate in settlement negotiations with the parties should such negotiations take place, its status as Defendant-Intervenor does not

carry with it the right to prevent any settlement of plaintiffs' or consolidated plaintiffs' claims from occurring. *See United States v. Carpenter*, 526 F.3d 1237, 1240-1241 (9th Cir. 2008) (recognizing "that intervenors' consent is not required for approval of [a] settlement between the parties"); *Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–529 (1986) ("It has never been supposed that . . . an intervenor . . . could preclude other parties from settling their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.") (citations omitted).

Furthermore, the Court urges Montana to focus its briefing on its unique interests in this case. It is not helpful when intervenors or amici brief the same issues and make the same arguments advanced by other defendants.

Accordingly, IT IS ORDERED that Montana's Motion (Doc. 22) is GRANTED as follows:

1) Defendant-Intervenor are hereby granted leave to intervene as a defendant in this matter pursuant to Federal Rule of Civil Procedure 24(a)(2);

2) Defendant-Intervenor shall immediately file its answer;

3) Defendant-Intervenor shall confer with counsel for the federal defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Defendant-Intervenor's interests; and

4) Defendant-Intervenor shall adhere to the Court's August 2, 2019 Scheduling Order (Doc. 20).

DATED this 22nd day of August, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court