IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| HELENA HUNTERS AND ANGLERS ASSOCIATION, and MONTANA WILDLIFE FEDERATION,<br><br>Plaintiffs, and<br><br>ALLIANCE FOR THE WILD ROCKIES, and NATIVE ECOSYSTEM COUNCIL<br><br>Consolidated Plaintiffs,<br><br>vs.<br><br>LEANNE MARTEN, in her official capacity; UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendants, and<br><br>STATE OF MONTANA,<br><br>Defendant-Intervenor | CV 19–47–M–DLC<br><br>(Consolidated with Case No. CV 19–106–M–DLC)<br><br>ORDER |

Before the Court is Montana Bicycle Guild, Inc.'s ("MBG") Unopposed

Motion to Intervene (Doc. 30) wherein MBG seeks permission to intervene as a

-1-

defendant in this case pursuant to Federal Rule of Civil Procedure 24(b). For the following reasons, MBG's Motion will be granted.

Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990). When exercising this discretion, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, when the court has federal-question jurisdiction and the proposed intervenor does not seek to bring new state-law claims, an independent ground for jurisdiction is unnecessary. *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843–44 (9th Cir. 2011). Here, this Court has federal-question jurisdiction and MBG is not advancing any individual claims. (*See* Docs. 1 at 4; 31-4 at 1–4.) Consequently, the Court turns to the remaining two requirements.

First, MBG's motion is timely. The timeliness of a motion to intervene depends on three criteria: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (internal quotation marks and citations omitted). As recently noted in this Court's order granting the State of Montana's intervention as of right, the Court only recently established a schedule for the consolidated litigation of this case and the litigation is at a preliminary stage—existing defendants have until September 9, 2019 to file their answer. (Docs. 20 at 1–2; 29 at 1; 32 at 3.) In light of the early stage of these proceedings, the Court does not find that there will be prejudice to other parties or that there is any delay in the filing of MBG's motion.

Next, the Court considers whether there are common questions of law and fact between MBG's defense and the main action. Here, MBG does not appear to be raising any specific defense but, instead, is offering its perspective on the reasons why the attacks on the Tenmile-South Helena logging project are ill-founded. Particularly, MBG appears to seek intervention so that it may argue against the notion that the Tenmile-South Helena logging project will condone or create any new mountain biking trails in violation of NEPA, NFMA, or the Roadless Rule. The legal theories at play here will likely have significant overlap

with those raised by the existing defendants in this case, that project decisions were made in compliance with the applicable standards.

Although MBG's briefing on permissive intervention does not address the above standards, upon review of MBG's proposed answer in this case, and in light of the fact that none of the existing parties oppose MBG's permissive intervention, the Court finds that MBG's motion is timely, that there exist common questions of law and fact with the main action, and that the existing parties will not be prejudiced by MBG's intervention. MBG defends the interests of a small subsection of the broader population—mountain biking enthusiasts—and their arguments will not likely be represented by the other parties in this case. Thus, the Court grants permissive intervention.

In granting the motion for permissive intervention, the Court advises MBG that, while it may participate in settlement negotiations with the parties should such negotiations take place, its status as Defendant-Intervenor does not carry with it the right to prevent any settlement of plaintiffs' or consolidated plaintiffs' claims from occurring. *See United States v. Carpenter*, 526 F.3d 1237, 1240-1241 (9th Cir. 2008) (recognizing "that intervenors' consent is not required for approval of [a] settlement between the parties"); *Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–529 (1986) ("It has never been supposed that . . . an intervenor . . . could preclude other parties from settling

their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.") (citations omitted).

Furthermore, the Court urges MBG to focus its briefing on its unique interests in this case. It is not helpful when intervenors or amici brief the same issues and make the same arguments advanced by other defendants.

Accordingly, IT IS ORDERED that MBG's Motion (Doc. 30) is GRANTED as follows:

1) Defendant-Intervenor are hereby granted leave to intervene as a defendant in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B);

2) Defendant-Intervenor shall immediately file its answer;

3) Defendant-Intervenor shall confer with counsel for the federal defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Defendant-Intervenor's interests; and

4) Defendant-Intervenor shall adhere to the Court's August 2, 2019 Scheduling Order (Doc. 20).

DATED this 27th day of August, 2019.

Dana L. Christensen, Chief Judge
United States District Court