PRERAK SHAH
Deputy Assistant Attorney General
Environment and Natural Resources Division

ERIKA NORMAN, CA Bar # 268425
HAYLEY A. CARPENTER, CA Bar # 312611
Trial Attorneys
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 2.900
Washington, D.C. 20002
Phone:  (202) 305-0475 (Norman)
Fax:  (202) 305-0506
Erika.Norman@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| HELENA HUNTERS AND ANGLERS ASSOCIATION, *et al.*, <br>     Plaintiffs, and <br><br> ALLIANCE FOR THE WILD ROCKIES, *et al.*, <br>     Consolidated Plaintiffs, <br><br>         v. <br><br> LEANNE MARTEN, *et al.*, <br>     Defendants, and <br><br> STATE OF MONTANA and MONTANA BICYCLE GUILD, INC. <br><br>     Defendant-Intervenors. | Lead Case No. 9:19-CV-00047-DLC <br><br> DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE TO HELENA HUNTERS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 81]; [PROPOSED] RESPONSE |

**MOTION FOR LEAVE TO FILE A RESPONSE TO HELENA HUNTERS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On March 2, 2020, Plaintiffs Helena Hunters and Anglers Association and the Montana Wildlife Federation (together, "Helena Hunters") filed a Notice of Supplemental Authority under Local Rule 7.4 asking the Court to consider a declaration by one of Helena Hunters' members that includes recent post-decisional photographs of alleged road construction in the Tenmile South-Helena Project area, and an email from government counsel responding to concerns raised by Helena Hunters about the activities depicted in the photographs. ECF No. 81. Defendants respectfully move the Court for leave to file the [Proposed] Response on the following grounds:

1. The Court cannot consider Exhibit 1 (the "Declaration of Gayle L. Joslin Regarding New Road Construction for Tenmile Project") or any of the photographs or email correspondence included therein as "supplemental authority" in its review of the challenged agency action, because Helena Hunters has not attempted to meet, nor has it met, its burden to show that the admission of extra-record evidence is appropriate;

2. The post-decisional photographs taken by a member of Helena Hunters purporting to show road construction in the Project area have no bearing whatsoever on Helena Hunters' claims, which challenge only activities

1

allegedly slated to occur in inventoried roadless areas.  Helena Hunters' Amended Complaint ¶ 3, ECF No. 12.  As Defendants have stated, no road construction has or can occur in these areas under the Project decision, AR Tenmile-009185; and

3. The temporary road depicted in Plaintiffs' Notice of Supplemental Authority[1] has no relationship to the claims asserted by Helena Hunters because it is located outside of the boundaries of the inventoried roadless areas.

Defendants have contacted counsel for Helena Hunters, and Helena Hunters objects to this Motion.  Alliance for the Wild Rockies and Native Ecosystems Council take no position on the Motion.  The State of Montana and the Montana Bicycle Guild do not object to the Motion.

Defendants respectfully request that the Court grant this Motion for leave to respond to Helena Hunters' Notice of Supplemental Authority and accept Defendants' [Proposed] Response attached to this Motion.  Defendants submit a [Proposed] Order attached to this Motion.

---

[1] Government counsel's email to Helena Hunters' counsel stating that the feature at issue was not a road was inadvertently inaccurate.  The misstatement and the feature are explained in the [Proposed] Response to Helena Hunters' Notice below.

## [PROPOSED] RESPONSE TO HELENA HUNTERS' NOTICE

Helena Hunters Plaintiffs have filed a Notice of Supplemental Authority (ECF No. 81) requesting that the Court consider a declaration that includes recent photographs taken by a Helena Hunters member and an email from government counsel as "supplemental authority" in support of Helena Hunters' Motion for Summary Judgment (ECF No. 42). The declaration and materials included therein relate to recent ground-disturbing work in the Project area. Helena Hunters' submission is not "authority," but even if it was, the contents of the declaration have no bearing on Helena Hunters' claims, because those claims are limited to two inventoried roadless areas where road construction has not, and cannot, occur under the Project decision. AR Tenmile-009185.

Except in limited circumstances, judicial review of an administrative agency's decision is limited to examination of the administrative record as it existed when the agency made the challenged decision. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *see* ECF No. 62 at 1-2. Post-decisional photographs and an email from counsel are not part of the administrative record for the challenged decision, and Helena Hunters has not argued that these materials meet one of the four limited exceptions recognized by the Ninth Circuit for allowing judicial consideration of extra-record evidence. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). In any case, they do not.

1

The photographs, which purport to show road work occurring outside the inventoried roadless areas during Project implementation, have no bearing on Helena Hunters' claims, because Helena Hunters challenges the Project only with respect to activities slated to occur within two roadless areas.  *E.g.*, ECF No. 42 at 59-60.  Contrary to Helena Hunters' opinion, there are no "disputes" as to the boundaries of the roadless area vis-à-vis the location of the activities at issue.  The boundaries of the roadless area are identified with GIS data provided by the agency at the national level based on the 2001 Roadless Area Map, and are available on the agency's Roadless Conservation website. [2]  The Forest Service confirmed through GPS field verification that the road work depicted in the photographs is located outside of the roadless area boundaries.  Decl. of William Hedrick ("Hedrick Decl.") ¶¶ 4-10.  Nevertheless, Helena Hunters attempts to justify the Court's consideration of the photographs by suggesting that the road is a harbinger of an undisclosed number of other roads that the Forest Service will construct within the roadless area.  *See* ECF 81 at 1-2.  But the Forest Service has not – and indeed cannot under the decision – build any roads within the roadless areas.  Hedrick Decl. ¶ 12.

---

[2] Helena Hunters is incorrect in alleging that the Lazyman Inventoried Roadless Area boundary is, or ever was, represented by the motorized vehicle access maps copied in the declaration.  ECF No. 81-1 at 12-13.  Instead, the boundary is based solely on the 2001 Roadless Rule Map identified above.

Counsel's email characterizing the feature depicted in the photographs as "not a road" was an unfortunate error, but it is also irrelevant. For reasons explained in the attached Declaration of Brett Hand, counsel was misinformed during Mr. Hand's absence when the email exchange in question took place that the feature at issue "is not a road." Decl. of Brett Hand ("Hand Decl.") ¶ 7. During the ongoing implementation of the Project, the Forest Service determined that the final ~580 feet of an existing road prism to be used for Unit 101A was too steep to safely haul logs out of the unit. Hand Decl. ¶ 8; Hedrick Decl. ¶¶ 8-11. In response, the Forest Service authorized the construction of ~580 feet of new temporary road to facilitate safe access to the unit. Hedrick Decl. ¶ 8. The temporary road is not in the roadless areas (*id.* ¶¶ 8-10), and, including the temporary road, no more than the 11 miles of temporary roads authorized by the Project will be constructed. *Id.* ¶ 12; AR Tenmile-009179. Nor does the temporary road demonstrate that Defendants' legal interpretation of a road departs from what is depicted in Helena Hunters' photographs. The feature at issue is a temporary road, Hedrick Decl. ¶ 8, and thus such features are unauthorized in the roadless areas. AR Tenmile-009185.

Respectfully submitted on March 13, 2020.

                    PRERAK SHAH
                    Deputy Assistant Attorney General
                    U.S. Department of Justice

                    */s/ Hayley Carpenter*_____
                    HAYLEY CARPENTER
                    ERIKA NORMAN
                    Trial Attorneys
                    Natural Resources Section
                    4 Constitution Square
                    150 M Street, NE, Suite 2.900
                    Washington, D.C. 20002
                    Phone: (202) 305-0475 (Norman)
                              (202) 305-0242 (Carpenter)
                    Fax: (202) 305-0506
                    erika.norman@usdoj.gov
                    hayley.carpenter@usdoj.gov

                    *Counsel for Defendants*