IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HELENA HUNTERS AND ANGLERS ASSOCIATION, and MONTANA WILDLIFE FEDERATION, | CV 19–47–M–DLC |
| Plaintiffs, and | (Consolidated with Case No. CV 19–106–M–DLC) |
| ALLIANCE FOR THE WILD ROCKIES, and NATIVE ECOSYSTEM COUNCIL | |
| Consolidated Plaintiffs, | ORDER |
| vs. | |
| LEANNE MARTEN, in her official capacity; UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Federal Defendants, and | |
| STATE OF MONTANA, and MONTANA BICYCLE GUILD | |
| Defendant-Intervenors | |

Before the Court is Plaintiffs Alliance for the Wild Rockies, and Native

Ecosystem Council's ("Alliance") Motion for Attorney's Fees and Other Expenses.

(Doc. 114.)  This motion is denied as premature.

## DISCUSSION

Alliance requests $91,593 in attorney fees and $453.80 in costs under the Endangered Species Act's ("ESA") fee shifting provision or, alternatively, under the Equal Access to Justice Act ("EAJA").  (Doc. 115 at 5.)  Federal Defendants assert that fees are appropriate under the EAJA and not the ESA.  (Doc. 119 at 11.) They further assert that Alliance's motion is premature because EAJA fees must be requested within thirty days of a "final judgment" which has not yet occurred as this case is on appeal.  (*Id.* at 12.)

The first question is whether Alliance may move for fees under the ESA or the EAJA.  In the underlying litigation, Alliance brought three claims under the APA and various environmental laws, and only prevailed on its second claim that the Tenmile Project's Biological Opinion was inadequately detailed in violation of the ESA. (Doc. 45 at 2.)  Federal Defendants assert that this question is controlled by *Bennett v. Spear*, 520 U.S. 154, 173–74 (1997), where the Supreme Court announced that a cause of action against a federal agency based on the maladministration of the ESA is available only under the APA—which in turn, gives rise to a fee award under the EAJA.  (*Id.* at 11.)  The Court determined that a plaintiff's challenge related to the ESA may only support a fee award under the ESA where the challenge is authorized by one of the ESA's three citizen suit provisions.  *Id.* at 171.

The ESA allows an individual to sue the Government to:

(**A**) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; or

(**B**) to compel the Secretary to apply, pursuant to section 1535(g)(2)(B)(ii) of this title, the prohibitions set forth in or authorized pursuant to section 1533(d) or 1538(a)(1)(B) of this title with respect to the taking of any resident endangered species or threatened species within any State; or

(**C**) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary.

16 U.S.C. § 1540(g)(1).

Alliance does not argue that its challenge to the biological opinion was authorized by any of the above provisions. Instead, it asserts that the Eastern District of California has allowed a plaintiff to obtain fees under the ESA for a similar claim. (Doc. 122 at 2 (citing *S. Yuba River Citizens League & Friends of River v. Nat'l Marine Fisheries Serv.*, No. CIV. S-06-2845 LKK, 2012 WL 1038131 (E.D. Cal. Mar. 27, 2012), *aff'd sub nom. S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 581 F. App'x 693 (9th Cir. 2014)).) There, despite characterizing the plaintiff's challenge to an inadequate biological opinion as arising under the APA, the court permitted a fee award under the ESA because the defendants had conceded that the ESA and not EAJA governed the award. *Id.* at *1, *3. Here, Federal Defendants make no such concession. And, at least two

other courts have analyzed a successful challenge to a biological opinion as giving rise to a fee award under the EAJA.  *Oregon Nat. Desert Ass'n v. Lohn*, 522 F. Supp. 2d 1295, 1297 (D. Or. 2007); *Hawaii Longline Ass'n v. Nat'l Marine Fisheries Serv.*, No. CIV.A.01-765(CKK) (AK, 2004 WL 2239483, at *1 (D.D.C. Sept. 27, 2004).  Given that Alliance does not point to any provision of the ESA which purportedly authorized its claim, the Court will address the motion for fees under the EAJA.

The EAJA permits a plaintiff to obtain fees for suing the United States when: (1) the plaintiff is the "prevailing party": (2) the Government's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) the plaintiff submits a fee application within 30 days of entry of final judgment.  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  A "final judgment" under 28 U.S.C. § 2412(d)(1)(B) "means a judgment that is final and not appealable, and includes an order of settlement."  *Id.* § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (holding that a "final judgment" "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

Here, Alliance brought its motion on July 14, 2020 before the 60-day window to file an appeal had closed.  (Doc. 114.)  Then on August 27, 2020,

Federal Defendants filed a timely notice of appeal.  (Doc. 120.)  Accordingly, there is not yet a "final judgment" in this case and Alliance's motion is premature.  The Court will dismiss the motion.  Alliance may refile at the appropriate time.

IT IS ORDERED that Alliance's Motion (Doc. 114) is DENIED as premature.

DATED this 27th day of October, 2020.

Dana L. Christensen, District Judge
United States District Court